WILLIAM NEWELL AND SAMUEL NEWELL,

*vs.*

EVAN F. MORGAN, MARY E. MORGAN, ELIZA MORGAN, THOMAS E. MORGAN AND CATHARINE S. MORGAN.

*Sussex, March T.* 1836.

The *oldest* judgment creditor at law, having obtained a decree in equity set-
    ting aside a fraudulent conveyance to the debtor's children of land pur-
    chased by him prior to the recovery of the judgment, is not entitled to
    a preference in equity in the distribution of the proceeds of the land
    sold under a decree. In such case the equitable doctrine of distribu-
    ting assets among creditors *pari passu* applies.

Equity will recognize and give effect to a judicial preference at law by judg-
    ment or execution; but such judicial preference arises, not out of the
    speed of the parties in pressing their claims at law but out of their hav-
    ing obtained a *prior legal lien* upon the property in controversy.

BILL BY CREDITORS TO SET ASIDE A FRAUDULENT CONVEY-
ANCE.—The defendant, Evan F. Morgan, purchased from Daniel Godwin a house and two lots, situated in Lewis, Sussex County, taking a conveyance of the property in fee simple to his children. The deed recited a consideration of $2000.00, *as paid by Evan F. Morgan*; the consideration in

fact consisting of a stock of store goods which Morgan ex-
changed for the house and lots. The deed was duly acknowl-
edged on the 4th of November, 1831, and recorded on the
25th of September, 1832. At the time of this purchase and
conveyance Morgan was indebted to sundry persons, and
among others to the complainants, for goods to the value of
$664.39. The goods sold by the complainants to Morgan
were part of the stock with which he purchased the house
and lots. On the 7th day of March, 1831, Morgan gave
the complainants his judgment bond for $483.39, a balance
then due on their account, payable, with interest, at twelve
months; on which bond judgment was entered the next day
in the Superior Court for Sussex County, and at the expi-
ration of twelve months a *fieri facias* was issued, returnable
to the April Term, 1833. The Sheriff returned a sale of
goods and proceeds applied to prior executions. The com-
plainants, for themselves and other creditors, then filed this
bill against Evan F. Morgan and his children, setting forth
the above stated facts; alleging further that Evan F. Mor-
gan had, notwithstanding the conveyance to his children,
remained in possession of the property, holding and using
it as his own ; and it charged that the sale and conveyance
was a fraud upon his creditors. The bill prayed that the
conveyance might be decreed to be fraudulent as against
the complainant and other creditors; that the title *might be
considered as having vested in Evan F. Morgan from the date
of the deed ;* that he might be held to be a trustee &c ; and
for general relief.

The answer denied the charge of fraud and the equity
of the complainants to relief.

The cause, being put at issue and proof taken, came be-
fore the Chancellor, at the Feb. T. 1835, for a hearing
upon the bill, answer, exhibits and depositions ; upon
which a decree was rendered, declaring the conveyance
fraudulent and void as against creditors of Evan F. Mor-
gan, and directing that the defendants pay to the complain-

ants $570.96, the amount then due on their judgment, in three months, or otherwise that the premises in controversy should be sold and the proceeds brought into Court.

Pursuant to this decree the premises were sold by the Sheriff, on the 18th of July, 1835, for $1130. On the 22d of September, 1835, the sale was returned and confirmed, and the money brought into Court. On the 23d of September, 1835, certain other creditors of Morgan, who had not been parties to the proceeding for setting aside the conveyance, filed their petition, praying to be admitted to come in as parties under the decree and to share in the distribution of the fund. An account was thereupon taken of the creditors of Evan F. Morgan, for ascertaining the amount of these debts and their priorities at law. From this account the complainants were found to be the *oldest judgment creditors* of Morgan.

The cause was heard before the Chancellor, at the March T. 1836, on the question of the distribution of the proceeds of sale among the creditors.

*E. Wootten,* for the complainant.

*E. D. Cullen,* for the creditors.

JOHNS, JR., CHANCELLOR. My first impressions were in favor of the preference claimed for the complainants.

I have no doubt that wherever a *legal* right has been established it will be recognized in *equity.* Wherever a party has established a judicial preference at law, by judgment or execution, a court of chancery will recognize such preference and give effect to the right. But the term judicial preference is not used with reference to the speed of the parties in pressing their claims at law, but with reference to their having obtained a prior *legal lien* upon the property. In this case no such *legal lien* was obtained by the complainants. Their judgment never bound the property at law.

No claim could be asserted against the property, or the fund arising from it, otherwise than through a court of equity. Considering, then, that none of the creditors have obtained a *legal priority*, I must treat their equities as equal, and adopt the principle of *pari passu* distribution.

Decree accordingly.

On appeal, the Court of Errors and Appeals, at the June T. 1837, affirmed the decree of the Chancellor, so far as it had declared the conveyance of the property to be fraudulent and void and had directed a sale ; but the appellate court held that the complainants had, by their superior diligence at law, gained a preference in equity, and were entitled to be first paid out of the fund—the other creditors taking the residue *pari passu*. 2. *Harring. R.* 225.